UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RONRICO DENHAM #234620, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-45 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| DAVE QUINNE, et al., | ) | |
| | ) | |
| Defendants. | ) | **OPINION** |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I. Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Nurse Dave Quinn, Nurse Unknown Eddie, Nurse Unknown Monroe, Nurse Unknown Badawi, Assistant Deputy Warden Unknown Bobo, Warden David Bergh, Captain Unknown Jones, Resident Unit Manager Unknown Bauman, Sergeant Unknown Tasklia, Sergeant Unknown O'Dell, Sergeant Unknown Rankin, Sergeant Unknown Adams, Sergeant Unknown MacDonald, Lieutenant Unknown Taylor, Sergeant Unknown Hurst,

Officer Unknown Bowerman, Officer Unknown Kennedy, Officer Unknown Kleeman, Officer Unknown Norwick, Nurse Unknown Hite, Nurse Unknown Maki, and Nurse Unknown Blackford.

Plaintiff claims that Defendants have denied him needed medication for his irritable bowel syndrome. Plaintiff contends that Defendant Badawi refused to examine him and Defendant Monroe refused to schedule Plaintiff to see the doctor. Defendants Maki, Monroe, Hite and Blackford all refused to give Plaintiff his medication, Pamelor, when they made rounds, despite the fact that Plaintiff was "hollering in pain." Plaintiff alleges that he was denied food and water while being chained on top of his bed with the handcuffs on too tight and that he had to lie on a concrete slab with no blankets, sheets or medical attention for three or four days. Plaintiff states that there was dried up feces on his buttocks and on the concrete slab, which pulled his skin off when he was removed from the concrete slab. Plaintiff states that his wrists were bleeding from the handcuffs. For relief, Plaintiff requests compensatory and punitive damages, as well as declaratory and injunctive relief.

II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104

(6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff attaches copies of grievances and responses to his complaint. A review of the record reveals that Plaintiff named Defendants Quinn, Eddie, Monroe, Badawi, Bobo, Bergh,

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

Jones, Bauman, Tasklia, O'Dell, Rankin, Adams, MacDonald, Hurst, and Kennedy in his step I grievances, and that he appealed the denial of these grievances to step III. Therefore, it appears that he exhausted his claims with regard to Defendants Quinn, Eddie, Monroe, Badawi, Bobo, Bergh, Jones, Bauman, Tasklia, O'Dell, Rankin, Adams, MacDonald, Hurst, and Kennedy. However, Plaintiff fails to specifically mention Defendants Taylor, Bowerman, Kleeman, Norwick, Hite, Maki, and Blackford in his step I grievances. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to Defendants Taylor, Bowerman, Kleeman, Norwick, Hite, Maki, and Blackford.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson*, *et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL

534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Dated:  March 3, 2006                              /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE